**UNITED STATES of America,**

v.

**Betty LORD, also known as Anna Hawthorne, Defendant.**

United States District Court
S. D. New York.
June 30, 1960.

* [Since rendition of this opinion the Supreme Court handed down its decision, 80 S.Ct. 1300.]

S. Hazard Gillespie, Jr., U. S. Atty., New York City, for U. S., by Allen Mc-Grath, Asst. U. S. Atty., Kew Gardens, N. Y., of counsel.

Robert F. Devine, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

This is a motion pursuant to Rule 41 (e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for an order suppressing certain physical property allegedly seized unlawfully. This property, consisting for the most part of documents which will be described later in this opinion, was seized by Agents of the Federal Bureau of Investigation upon their arrest of movant, pursuant to warrant, for the crime of impersonating a United States Immigration Officer in violation of 18 U.S.C. § 912.

The decision of this matter may be more expeditiously effected if that which is *not* in issue on this motion is briefly stated. This is not a case wherein the government seeks to justify a search as pursuant to a lawful arrest without a warrant, where the lawfulness of that arrest is in question. See, e. g., United States v. Rabinowitz, 1950, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653. Movant's arrest was made pursuant to a warrant issued by a Commissioner. Counsel for movant stated upon oral argument that the arrest was not in question. In any event, questioning the arrest would be, in the circumstances of this case, of little avail. The technical regularity of the proceedings before the Commissioner is not challenged, and the affidavits upon which the warrant was issued are well within the standards prescribed in this Circuit. See United States v. Ramirez, 2 Cir., 279 F.2d 712. Movant's arrest, therefore, was legal in all respects.

Nor, is this a case in which a search which would have been otherwise lawful was tainted by coercion or duress on the part of the arresting officers. See, e. g., Go-Bart Importing Co. v. United States, 1931, 282 U.S. 344, 358, 51 S.Ct. 153, 158, 75 L.Ed. 374 ("* * * pretention of right and threat of force

\* \* \* .") While the defendant's moving affidavit states that the arresting officers "knocked on my door and when I opened pushed their way into my apartment and threw me bodily against the wall \* \* \* ." that bare allegation stands alone in the affidavit and is not butressed or pursued. The alleged force is specifically denied by the affidavit of one of the arresting officers, and movant's counsel stated upon oral argument that no hearing on contested issues of fact would be necessary nor, was he seeking one. Under the circumstances of this case, that may be taken as an abandonment of the factual issue of unreasonable force as a ground for relief. In any event, even taking movant's allegation in regard to the "pushing" as true, for the purposes of this opinion, no grounds for suppression would be shown. In the absence of any allegation of coercion, the action of the officers who bore a valid warrant of arrest and did not force their way into her apartment but entered after the door had been opened by the defendant, in "pushing" their way into the apartment was not of a character that it constituted such unreasonable force that would invalidate an otherwise valid search.

Last, this is not a case in which a search, though pursuant to a lawful arrest, was so sweeping as to be unreasonable and to constitute a mere exploratory search under *color* of an arrest warrant. See Kremen v. United States, 1957, 353 U.S. 346, 77 S.Ct. 828, 1 L.Ed.2d 876 (entire contents of a cabin); United States v. Lefkowitz, 1932, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877. In the instant case the officers removed but a few items from defendant's small apartment (consisting of a hallway, a small kitchen, a living room and a bedroom) and that which was taken was for the most part obviously connected with the crime charged.

Thus, by this motion the Court is asked to suppress physical evidence seized in a reasonable manner in the immediate presence of, or close proximity to, a person lawfully arrested by means of a warrant. It is apparently movant's position that nothing may be lawfully seized without a search warrant, unless it is contraband or is, at the very moment of seizure, being used to perpetrate a crime. That position is clearly incorrect. It has long been the law that pursuant to a lawful arrest officers may seize materials connected with the alleged crime, as either the fruits of that crime or the means by which it was committed. As the Court stated in the leading case of Agnello v. United States, 1925, 269 U.S. 20, 30, 46 S.Ct. 4, 5, 70 L.Ed. 145:

> "The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed \* \* \* is not to be doubted. See Carroll v. United States, 267 U.S. 132, 158 [45 S.Ct. 280, 69 L.Ed. 543]; Weeks v. United States, 232 U.S. 383, 392 [34 S.Ct. 341, 58 L.Ed. 652]."

That doctrine has been continually maintained in a line of cases extending through the present term of the Supreme Court. See Marron v. United States, 1927, 275 U.S. 192, 198–199, 48 S.Ct. 74, 72 L.Ed. 231; United States v. Lefkowitz, 1932, 285 U.S. 452, 465, 52 S.Ct. 420, 76 L.Ed. 877; Harris v. United States, 1947, 331 U.S. 145, 154, 67 S.Ct. 1098, 91 L.Ed. 1399; Trupiano v. United States, 1948, 334 U.S. 699, 704, 68 S.Ct. 1229, 92 L.Ed. 1663; United States v. Rabinowitz, 1950, 339 U.S. 56, 61, 70 S.Ct. 430, 94 L.Ed. 653; Abel v. United States, 1960, 362 U.S. 217, 237–238, 80 S.Ct. 683, 4 L.Ed.2d 668. See also in this Circuit, Matthews v. Correa, 2 Cir., 1943, 135 F.2d 534; Landau v. United States Attorney, 2 Cir., 1936, 82 F.2d 285, certiorari denied, 1936, 298 U.S. 665, 56 S.Ct. 747, 80 L.Ed. 1389. This doctrine applies whether the underlying arrest was made pursuant to an arrest warrant or merely on probable cause. See, e. g. Harris v. United States, supra.

The fact that there was time to have procured a search warrant is no longer dispositive. See United States v. Rabinowitz, supra, 339 U.S. at pages 64–65, 70 S.Ct. at page 434, overruling on that point, Trupiano v. United States, supra.

Thus, pursuant to a lawful arrest there may be seized not only property the possession of which is a crime, and property which is the fruit of a crime, but also " * * * the instrumentalities and means by which a crime is committed." Harris v. United States, supra, 331 U.S. at page 154, 67 S.Ct. at page 1103. What has apparently misled movant is the fact that in the majority of cases the mere possession of an instrumentality by which a crime may be committed is in itself a separate and distinct crime from the one for which the arrest was made. For instance, if officers arrest a person on a warrant charging sale of narcotics, and narcotics are found in his possession, that possession is itself a separate crime. In like manner, counterfeit stamps are "contraband," and their possession is a crime separate from the sale. See, United States v. Rabinowitz, supra. But, it is not *necessary* that mere possession of property be criminal in order to support its seizure pursuant to a lawful arrest. It cannot be doubted that a man arrested for murder may have any gun found in his possession seized, even if he has obtained a license for it and his possession is perfectly lawful. The same would be true of more innocuous objects. For instance, a screwdriver in the possession of a man arrested for burglary might well be "a means by which a crime is committed" and thus properly open to seizure, even if the possession of a screwdriver is not in itself a crime.

It appears also that movant has confused another question, not at issue in this case, in arguing that a crime must be in progress at the time of search in order for property to be seized without a search warrant. In a number of cases, e. g., Marron v. United States, supra, the underlying arrests were made without an arrest warrant. In such circumstances, the underlying arrest needed legal justification before the incidental search could be justified. Thus, the cases demanded discussion of "probable cause", a key factor in which is whether or not a crime was being committed. But, no such problem inheres in this case, where the underlying arrest was made pursuant to a perfectly valid arrest with a commissioner's warrant.

■ Thus, the only question remaining is whether the material seized was the "means" by which the alleged crime was committed. The alleged crime was impersonation of an Immigration Officer. The material seized consisted for the most part of documents which could clearly be used to carry forward such an impersonation, e. g., passport and visa applications, a passport in another's name, various Immigration and Naturalization Department forms, name cards and affidavits, etc. In regard to these documents, it is abundantly clear that the seizure was proper. It is the government's position that this material was used as a "means" to carry forward the unlawful impersonation and the collection of money from Cuban aliens. It is not necessary that the government prove for purposes of this motion that the material was actually so used. That question will ultimately have to be decided by the jury at the trial.

However, there is other material, the status of which is unclear; for example, items such as "documents in the Spanish language," without more particularization. On the basis of the record before this Court, it is plainly impossible to make any decision on items such as these. If, indeed, some small amount of the seized material could be neither the fruits nor instrumentality of a crime, there will be time enough to challenge that material before the trial Court, when and if it is offered by the government or appears to be the basis of other offered evidence.

Motion denied.

So ordered.