**In re Habeas Corpus of Samuel L. PATTON.**

**No. A–13262.**

Court of Criminal Appeals of Oklahoma.

April 24, 1963.

John Steele Batson, Marietta, for petitioner.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

JOHNSON, Judge.

This is an original proceeding by the petitioner, Samuel L. Patton to secure his release from imprisonment in the state penitentiary at McAlester, Oklahoma.

The verified petition filed herein alleges in substance that the petitioner is imprisoned in the state penitentiary by virtue of an order of the district court of Love county, Oklahoma, made by the judge thereof on February 21, 1962, revoking a suspended sentence granted petitioner on March 17, 1960 in a case wherein this petitioner entered a plea of guilty to a charge of "larceny of livestock" and was sentenced to three years in the penitentiary, such sentence suspended during good behavior. That a hearing was had on the application to revoke the order suspending sentence; that said hearing was not a fair hearing and petitioner was denied due process of law and the right to a fair trial on said application, as guaranteed by the state and federal constitutions; that his rights were violated; that his suspended sentence was revoked by the trial judge on grounds not sanctioned by law; that the order and judgment of the trial court was contrary to law, contrary to the evidence, and petitioner was denied a fair and impartial hearing. That the court was biased and prejudiced, that the court acted arbitrarily and abused its discretion in the revocation of the suspended sentence; that the application to revoke suspended sentence was too vague and indefinite and did not apprise the defendant as to the reason for the filing of said application; that the findings of the court and order are contrary to the evidence in support of the application to revoke suspended sentence; that the court admitted totally incompetent and irrelevant testimony; that the trial judge expressed his bias and prejudice towards the attorney for petitioner and petitioner feels that this bias and prejudice was reflected against him in the revocation of his suspended sentence. Petitioner prays this Court to issue a writ of habeas corpus releasing him, and that the order of revocation of suspended sentence be vacated; that petitioner's suspended sentence be reinstated, and petitioner released.

Filed with the petition is a complete transcript of the proceedings had in the district court of Love County on the petition to revoke the suspended sentence, same being in two sections.

Rule to show cause was issued by this Court, and the petition assigned for hearing for July 18, 1962. The hearing was continued from time to time at the request of the petitioner, and finally heard by this Court on February 20, 1963.

The Attorney General filed a response on July 31, 1962 attaching a copy of the original judgment and sentence containing the notation of the suspension of the same "on good behavior", copy of the order revoking suspended sentence dated February 21, 1962, and a copy of petitioner's prison record. This petitioner is variously referred to as Samuel W. Patton, Samuel L. Patton, and Samuel M. Patton.

On the day the response was filed, there was filed in the case certified copy of the petition to revoke suspended sentence, judgment and sentence of March 17, 1960, defendant's response to petition to revoke suspended sentence, certificate of minutes in the county court in case No. 8526, wherein Samuel M. Patton was charged with "Violation of Open Saloon Law", order revoking suspended sentence, and order for hearing petition to revoke suspended sentence dated January 26, 1962 assigning the hearing for January 31, 1962, and showing the same served on the defendant on January 26, 1962.

The case was argued at length before this Court on February 20, 1963.

From the record, Samuel M. Patton was charged by information in the district court of Love County with larceny of livestock (5 head of cattle). He was duly arraigned and entered a plea of guilty, whereupon the court sentenced him to three years in the state penitentiary, "sentence suspended on good behavior". When the matter came on for hearing on the petition to revoke the suspended sentence, the trial court heard testimony of numerous witnesses both for the State and for the defendant. There is a direct conflict in the evidence. This Court has held in innumerable cases, as stated in Perrymore v. State, Okl.Cr., 366 P.2d 770:

"Where the evidence of the state and the defendant is in direct conflict and the evidence of the state is sufficient to sustain a conviction, the Criminal Court of Appeals will not, in absence of error of law, reverse a conviction."

The Court must first consider the allegations concerning the revocation of the petitioner's suspended sentence. We have held many times that:

"The revocation of a suspended sentence is a matter within the sound judicial discretion of the trial court and no appeal will lie from an order of the trial court rendered in the exercise of that discretion.

"The general rule that on habeas corpus this court will determine only whether the trial court had jurisdiction of the person and of the offense charged and had jurisdiction to pronounce the particular judgment does not apply in the matter of revocation of suspended sentences. The question for determination is whether there has been an abuse of discretion by the trial court in accordance with the familiar principles governing the exercise of judicial discretion." Burgett v. State, Okl.Cr., 362 P.2d 975.

Further, the revocation of suspended sentences is discretionary with the trial court and discretion is limited only by statute. 22 O.S.A. §§ 991–992.

In Valentine v. State, Okl.Cr., 365 P.2d 166, the Court said:

"If evidence tends in any degree to establish that person released on suspended sentence has violated any law after release or is habitually associating with lewd or vicious persons, or is indulging in vicious habits, order revoking [suspended sentence] should not be disturbed."

The testimony was sufficient to warrant the trial court revoking the petitioner's suspended sentence.

Although the counsel for the petitioner does not charge entrapment in his petition for habeas corpus, in his response filed in the district court of Love County, he did set up such defense and then argued the same before this Court, we feel this charge must be considered.

What constitutes entrapment? The general rule as stated in 22 C.J.S. Criminal Law § 45(2), p. 138 is:

"One who is instigated, induced, or lured by an officer of the law or other person, for the purpose of prosecution, into the commission of a crime which he had otherwise no intention of committing may avail himself of the defense of 'entrapment.' Such defense is not available, however, where the

officer or other person acted in good faith for the purpose of discovering or detecting a crime and merely furnished the opportunity for the commission thereof by one who had the requisite criminal intent."

█ Further in this same section, page 142, discussing entrapment, it is stated:

"Accordingly, entrapment is not available as a defense to a person who has the intent and design to commit a criminal offense and who in fact does commit the essential acts constituting it, merely because an officer of the law, in his effort to secure evidence against such person, affords him an opportunity to commit the criminal act, or purposely places facilities in his way or aids and encourages him in the perpetration thereof, particularly or at least where the doing of the particular act is a crime regardless of the consent of anyone. However, the government officers cannot employ extraordinary temptations or inducements to commit the crime.

"It has been held that the principle of entrapment places no limitation on the right of officers to obtain evidence of any crime originating in the mind of another; and an officer may, when acting in good faith with a view to detecting crime, make use of deception, trickery, or artifice."

The testimony at the hearing to revoke the suspended sentence was that the petitioner owned and operated a so-called private club, that had a membership of approximately 900. Each member was a stockholder in this club, and the members brought their own bottles to the club and were served from their bottles and paid a service charge for mixed drinks. The petitioner stated that the members' names were written on the bottles to show ownership, and that all drinks purchased by each member were dispensed from his or her private bottle. Further testimony was that the club did not furnish any liquor, nor did they purchase liquor for the members.

This Court must agree with the trial court, that a club with a membership of 900 would certainly have more than nine bottles in stock on the bar. And further, here was a corporation or club with this many stockholders, yet there had never been a stockholders' meeting, no annual report had been rendered and the officers as such, could not give a very understandable explanation of the operation of this club. The final straw, as far as we are concerned, is that although this petitioner under oath stated that he did not purchase liquor for the use of members of this club, yet every bottle that was confiscated came from one liquor store in Ardmore, Oklahoma. We can not possibly be expected to believe that every member or stockholder purchased his liquor from the same liquor store. In fact, this was an open saloon, trying to hold itself out to the law enforcement agencies as a private club.

This Court has frequently held that in the class of cases where the doing of a particular act is a crime regardless of the consent of anyone, that if the criminal intent originates in the mind of the accused, the fact that an opportunity is furnished, or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense. The purpose of the detective or governmental agent is not to solicit the commission of, nor to create, an offense, but to ascertain if the accused is engaged in an unlawful business, or to entrap the defendant in the act of committing an offense which he has reasonable grounds to believe the accused has commenced, or is about to commence. Stevens v. State, 51 Okl.Cr. 451, 2 P.2d 282; and Rider v. State, 53 Okl.Cr. 393, 12 P.2d 552.

█ The Court could find no evidence that the trial court was prejudiced in its findings, nor any other grounds on which to grant the desired relief.

Therefore, the writ is denied.

BUSSEY, P. J., and NIX, J., concur.