Christian NACHTRIEB, Appellant,

v.

STATE of Oklahoma, Appellee.

No. A-18063.

Court of Criminal Appeals of Oklahoma.

Aug. 17, 1973.

Warren H. Crane, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Daniel J. Gamino, Legal Intern, for appellee.

OPINION

BLISS, Presiding Judge:

Appellant, Christian Nachtrieb, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Illegal Delivery of Lysergic Acid Diethylamide in the District Court of Comanche County, Oklahoma. His punishment was set at fifteen (15) years imprisonment in the State Penitentiary and a fine of $5,000.00. From that judgment and sentence defendant has perfected his timely appeal to this Court.

Briefly stated, the evidence at the trial adduced that on April 20, 1972, at around 10:25 p. m. Officer Richard E. Hart, Duncan Police Department, and informants, Joe Williams and David Autry, met with Deputy Sheriff Larry LaFrance and Oklahoma Bureau of Investigation Agent, Ernest Lovett. Hart testified that Lovett searched him and Autry. Lovett then gave Hart $30.00 after the serial numbers on each bill were recorded. LaFrance searched Williams' person and car to make sure the informant had no drugs. Hart, Autry and Williams then drove to the Winners Bar, Lawton, and entered it around 10:40 p. m. Hart testified that he and Williams began talking with defendant. Williams asked where they could score some acid, and defendant asked how much they wanted. Defendant left for a few minutes. He returned with something in his hand which he gave to Hart, and Hart gave him $6.00. Hart testified that he, Williams and Autry left the bar and drove directly to the courthouse. Hart testified that what he purchased from defendant, three tablets a little larger in size than

saccharine, was then sealed in an envelope and turned over to Agent Lovett.

Larry LaFrance, Deputy Sheriff, Comanche County, testified that he searched Williams and Williams' car around 10:25 p. m., April 20, 1972. He testified that he and Agent Lovett followed Hart, Williams and Autry when they drove to the Winners Bar. He said the trio was in the bar approximately fifteen minutes, and then they came out and drove to the courthouse.

Agent Ernest Lovett, Oklahoma Bureau of Investigation, testified he searched Hart and Autry around 10:25 p. m., April 20, 1972. Lovett also testified that he gave Hart $30.00 after he recorded the serial numbers on the bills. He testified that he and LaFrance observed the trio enter the Winners Bar, leave around fifteen minutes later and drive to the courthouse. Lovett testified that at the courthouse Officer Hart gave him three white tablets wrapped in cellophane. Lovett testified that the pills were sealed in an envelope and that he later delivered them to the Crime Laboratory in Oklahoma City.

William J. Cavney, chemist, Oklahoma Bureau of Investigation, testified that he chemically analyzed one of the tablets and found it to be Lysergic Acid Diethylamide (LSD). The State then rested as did the defense.

Defendant's first proposition in error contends that the trial judge committed reversible error when he allowed certain testimony which defendant urges to have been incompetent and prejudicial and further committed reversible error when the trial judge made certain comments which defendant again urges to have been prejudicial and prevented defendant from obtaining a fair trial.

With this contention we do not agree. A complete reading of the record reflects that the evidence and testimony complained of was properly admitted and that any remarks made by the trial judge in so admitting said evidence were proper and were not prejudicial. Therefore, defendant's

first proposition in error is wholly without merit.

■ Defendant next urges that the trial court committed fundamental error by instructing the jury concerning entrapment when as a matter of law, he asserts further, the record reflected that defendant had in fact been a victim of entrapment and it was a question for the court and not the jury. With this contention we do not agree.

Officer Hart's testimony as to the facts of the sale is uncontradicted.

"A. He [Informant Williams] asked Mr. Nachtrieb if he might know where we could score some acid, and Mr. Nachtrieb advised how much, how much would we want, and at this time they sat for a few more minutes talking and then he said I'll be back—a girl had come up at this time and he said I have to go take care of this girl—

"*  *  *

"A. *  *  * but several minutes later Mr. Nachtrieb returned *  *  * It was approximately 10:50 p. m.

"Q. Approximately how long was this after you arrived in the bar?

"A. We arrived at the bar approximately 10:40 p. m.

"Q. What if anything did you do then?

"A. Mr. Nachtrieb came up, and he had something in his hand, and he started to hand them to Mr. Williams, and at that time I reached out and he placed them in my hand, and I gave him six dollars, *  *  *" (Tr. 14–15, explanation added)

■ Under the facts, it is clear that defendant was ready and willing to commit the offense, and that Williams and Hart merely furnished defendant an opportunity to commit the crime. They only requested drugs once, defendant showed no surprise at the request and complied within ten minutes without any persuasion or coer-

cion. It is well settled that merely furnishing an opportunity to commit a crime is not entrapment. In McCart v. State, Okl.Cr., 435 P.2d 419 (1968), and In Re Patton, Okl.Cr., 382 P.2d 28 (1963), this Court ruled:

"One who is instigated, induced, or lured by an officer of the law or other person, for the purpose of prosecution, into the commission of a crime which he had otherwise no intention of committing may avail himself of the defense of 'entrapment.' *Such defense is not available, however, where the officer or other person acted in good faith for the purpose of discovering or detecting a crime and merely furnished the opportunity for the commission thereof by one who had the requisite criminal intent."* (Emphasis added)

See also Sam v. State, Okl.Cr., 510 P.2d 978.

The uncontroverted evidence reflects that defendant was not a victim of entrapment. The trial court still left the matter up to the jury by submitting said Instruction. Defendant was in no way prejudiced by said Instruction; and, therefore, defendant's second proposition in error is without merit.

■ Defendant's last proposition of error contends that the punishment was excessive. With this contention we also do not agree. Title 63 O.S.1971, § 2–401(B)(1) provides that a person who distributes or dispenses Lysergic Acid Diethylamide (LSD) is guilty of a felony and shall be sentenced to a term of imprisonment for not less than five (5) years nor more than twenty (20) years and a fine not more than $20,000.00. There are no facts or circumstances in the case at bar that show the jury was prejudiced against defendant or that defendant's sentence was so excessive as to shock the conscience of this Court. Roberts v. State, Okl.Cr., 473 P.2d 264. We, therefore, hold that the sentence is within the limits set by statute and is not excessive under the above stand-

ards. Therefore, defendant's last contention is without merit.

For all of the foregoing reasons, we are of the opinion that defendant obtained a fair and impartial trial before a jury and that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BUSSEY, J., concurs.

BRETT, J., concurs in part and dissents in part.

BRETT, Judge (concurring in part and dissenting in part).

I agree that the evidence contained in the record is sufficient to sustain the jury's verdict; and I agree that there was no entrapment shown. However, after reviewing the record, I fail to find any justification for the sentence imposed; and consequently, I consider the sentence to be excessive, notwithstanding the recitation of the decision citing Roberts v. State, supra, that the sentence was not "so excessive as to shock the conscience of this Court." It shocks my conscience, so I dissent to the excessive sentence imposed.