UNITED STATES of America, Plaintiff,

v.

William Marvin ACREE, Robert Brown and Ida Brown, Defendants.

No. CR–76–102–D.

United States District Court,
W. D. Oklahoma.

June 16, 1976.

David L. Russell, U. S. Atty., by William S. Price, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Red Ivy, Chickasha, Okl., John Estes, Gene Stipe, McAlester, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

Defendants were Indicted April 6, 1976, in this case on multiple counts alleging they received, sold or disposed of certain motor vehicles which had been moved in interstate commerce knowing same had been stolen, in violation of 18 U.S.C. § 2313. On June 3, 1976 the Magistrate of this Court issued a Search Warrant directed to business premises of Defendant Acree based on an affidavit by a special agent of the Federal Bureau of Investigation (FBI) in which a ledger book containing entries believed to pertain to the purchase and sale of the motor vehicles involved in this case was designated as property being searched for. The return of said Search Warrant indicates thirteen items were seized on June 3, 1976 when the premises were searched. The first item listed appears to be the ledger book described in the warrant. Many of the remaining items include automobile registration and tax records and other miscellaneous items related to some of the vehicles involved in this case. The last two items listed were an envelope containing an address in Michigan and two certificates contained therein signed by a party from Michigan.

Defendants on the day this case was set for jury trial filed a Motion to Suppress in which they seek to suppress all items seized in the search in question except the ledger book. It is argued that such items were not seized pursuant to the Search Warrant and thus such seizure constituted an illegal search. Defendants' Motion is supported by minimal legal authority contained therein. The Government did not file a written Response to said Motion due to the late filing of same. The Court conducted an evidentiary hearing and entertained arguments on said Motion to Suppress prior to the commencement of the jury trial herein.

The evidence discloses that a former longtime secretary for Defendant Acree disclosed the existence of said ledger book to an agent for the FBI to include disclosure of where same was located in a file cabinet. Said informant also advised that

the keys to the filing cabinets were located in a drawer of a vault.

The Search Warrant was executed in the presence of Defendants' attorney who allowed the agents entry to the office.[1] Upon finding that the file cabinets were locked, the agents attempted to locate the key ring in a drawer located behind a vault door which door was unlocked. The drawer in which the ring of keys was believed to be located[2] was locked and the agents looked into an unlocked drawer adjacent thereto in an attempt to locate said drawer key which drawer did contain some keys, none of which opened the drawer to which the agents were seeking entry. During the search of the unlocked drawer for the key to the adjacent drawer, the agents discovered the items which are the subject of the instant Motion to Suppress. The FBI agent making the search and seizing the matters in question testified that he was the case agent with primary responsibility for this case and he recognized the automobile registration information to relate to automobiles involved in the instant case. This included both Michigan and Oklahoma documents and slips of paper merely containing vehicle identification numbers. He further testified that all of the above mentioned items designated as items 2 through 11 on the inventory attached to the Search Warrant return were loose or open documents not contained in envelopes or file folders.

The agent testified that he recognized an address on the outside of an envelope designated as item 12 as being connected to an address used at one time by a key government witness in this case, the party whom the government contends transported the automobiles in question from Michigan to Oklahoma and delivered same to Defendants. The last item which is designated No. 13 are two certificates contained in said envelope. The testimony of the agent re-

vealed that other matters the agents discovered or observed during the search of Defendant Acree's office were not seized because their discovery was not made while searching for a means to gain access to the ledger book described in the Search Warrant. The search was terminated immediately following the discovery and seizure of the ledger book.

■ Defendant's primary contention in support of their Motion to Suppress is that the items in question were not described in the warrant and thus such seizure is improper. The foregoing contention is the general rule but same is subject to an exception to the effect that an item which can be considered a means or instrumentality of crime may be seized even though such item is not described in the warrant under which the search is conducted. *United States v. Alloway*, 397 F.2d 105 (Sixth Cir. 1968); *United States v. Nolan*, 416 F.2d 588 (Tenth Cir. 1969); *United States v. Kane*, 450 F.2d 77 (Fifth Cir. 1971) cert. den. 405 U.S. 934, 92 S.Ct. 954, 30 L.Ed.2d 810.

The basic provision for Search and Seizure pursuant to a Warrant in this case is found in Rule 41, Fed.Rules Crim.Proc. which provides in part:

> "(b) *Property Which May Be Seized with a Warrant.* A warrant may be issued under this rule to search for and seize any (1) property that constitutes evidence of the commission of a criminal offense; . . . or (3) property designed or intended for use or which is or has been used as the means of committing a criminal offense."

The matters sought to be suppressed in the instant Motion would appear to fall into either category (1) or (3) or both of the above Rule. A test was set out in the case of *United States v. Pardo-Bolland*, 229 F.Supp. 473 (S.D.N.Y.1964), *Affmd.* 348 F.2d 316 (Second Cir. 1965) wherein the Court stated:

---

1. Said attorney only allowed the agents to enter the office and provided no keys or assistance in regard to opening locked drawers and cabinets. He was present during the conduct of the search.

2. After said drawer was opened by a locksmith the ring of keys to the filing cabinets was located therein and the ledger book thereafter was found in a filing cabinet drawer.

"The ban of the Fourth Amendment is leveled not at all searches and seizures, but only at those which are unreasonable. Officers making a lawful search on a charge of this nature should not be held, therefore, to too fine a line lest instrumentalities of the criminal enterprise which it is their duty to seize be lost as evidence. Cf. *United States v. Bell*, 48 F.Supp. 986 (S.D.Cal.1943). Rather, *in the course of a lawful search, officers should seize any item which in their experienced judgment, knowledge of the circumstances, and good faith is reasonably capable of being designed, intended or used as an instrumentality of the alleged crime. Matthews v. Correa*, 135 F.2d 534, 537 (2 Cir. 1943). Courts always have time to second guess their judgment should there be abuse." (Emphasis supplied)

In the instant case, the Court finds that the items designated numbers 2 through 13 were properly seized by agents of the FBI when discovered while attempting to gain access to the location of the ledger book described in the Search Warrant. The case agent who was familiar with the charges in this case testified that the material seized appeared to him to constitute evidence which was material to the charges in this case of receiving and disposing of motor vehicles which had moved in interstate commerce with knowledge same had been stolen. Information concerning automobile registration and title documents, the address of a person believed to have been involved in acquiring and/or transporting the automobiles in question, and other such materials appeared to the agent to be evidence related to the offenses charged and the Court finds the agent used proper judgment in seizing said items. The Motion to Suppress is overruled.