**Terry TAYLOR, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–295.**

Court of Criminal Appeals of Oklahoma.

Dec. 30, 1980.

Richard A. Williams, Lawton, Oklahoma, for appellant.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, C. Elaine Alexander, Asst. Atty. Gen., for appellee.

## MEMORANDUM OPINION

BRETT, Judge:

The appellant was convicted of Delivery and Distribution of Amphetamines in the District Court of Comanche County, in Case No. CRF–77–819. The charge was filed after the appellant had sold amphetamines to an undercover police officer. Sentence was assessed at three and one-half (3½) years' imprisonment.

In her first assignment of error, the appellant contends that the trial court should have given her requested instruction on entrapment. However, there was no error because the facts in this case do not justify

raising the issue of entrapment. The State's evidence established that, through the intercession of an informant, the undercover officer met the appellant and asked her to sell him some drugs. The sale was not consummated immediately because of a disagreement concerning the method of payment, but eventually a sale was concluded.

To claim entrapment, a defendant must have been induced by law enforcement agents to commit a crime which she otherwise would not have committed. It is not entrapment for officers merely to furnish a person the opportunity to commit the crime. *Nachtrieb v. State*, Okl.Cr., 513 P.2d 597 (1973); *Taylor v. State*, Okl.Cr., 555 P.2d 1073 (1976). This appellant was neither coerced nor entrapped into committing her crime; the officer simply asked her to sell him some drugs, which she did.

The second assignment of error is that the trial court should have required the State to disclose the identity of the informant. The relevant statute in effect at the time of the appellant's preliminary examination and trial was Laws 1977, c. 265, § 9.[1] This statute called for an in camera hearing concerning possible disclosure when "it appears that an informer may be able to give testimony relevant to an issue in a criminal case." In the instant case, the informant was present when the officers planned the transaction, provided a site for it, introduced the undercover officer to the appellant, and accompanied the appellant when she went to find the drugs. It is quite likely that the informant could have given relevant testimony; and, therefore, an in camera hearing should have been conducted.

Although the trial court erred by failing to conduct such a hearing, this error was harmless. A review of the preliminary hearing transcript indicates that, from the State's evidence, it was possible to deduce the identity of the informant. We therefore hold this assignment of error to be without merit.

Finally, the appellant argues that her conviction should be reversed because, after the prosecutor read the State's information to the jury, he did not inform them that the appellant had entered a plea of not guilty. Such a statement of the defendant's plea is required in felony cases by 22 O.S.1971, § 831. However, the appellant did not object at the time; rather, she waited until the State had rested its case and then entered her demurrer to the evidence or motion for directed verdict. Because of this failure to enter a timely objection, the error was waived.

The judgment and sentence is *AFFIRMED*.

CORNISH, P. J., and BUSSEY, J., concur.

---

1. This Section was codified as 12 O.S.Supp. 1977, § 418.9. It was repealed when the Evidence Code was enacted, but comparable provisions may now be found at 12 O.S.Supp. 1980, § 2510.