Jerry Marvin CAMPBELL and Jerry Ron Brown, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. F–81–587.

Court of Criminal Appeals of Oklahoma.

Sept. 14, 1982.

---

Eldred M. Harmon, Alva, for appellants.

Jan Eric Cartwright, Atty. Gen., Robert C. Smith, Jr., Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Jerry Ron Brown and Jerry Marvin Campbell, hereinafter referred to as the defendants, were convicted of Conspiracy to Manufacture and Distribute a Controlled Dangerous Substance, in Garfield County District Court, Case No. CRF–80–306, were sentenced to five (5) years' imprisonment, and they appeal.

The defendants attempted to manufacture and distribute "speed," an amphetamine.

### I

In their first assignment of error, the defendants contend that the State entrapped them into the commission of the offense by furnishing funds to purchase equipment and ingredients to manufacture the amphetamine. The defendants, Campbell and Brown, met the informant Daniels, August 1, 1980, to formulate plans for the construction of a laboratory, and the distribution of amphetamines. They decided that Brown would be the chemist; Campbell would sell the drugs; and Daniels would supply the money and would attempt to obtain chemicals and glassware necessary to manufacture the drugs. August 11, 1980, after the plans were formulated, Daniels met with Sergeant John Bocox of the Enid Police Department and Agent James Dempewolfe of the Oklahoma Bureau of Narcotics and informed them of the plan.

Entrapment occurs only when the criminal conduct is the product of the "creative activity" of law enforcement officials. *Sherman v. United States,* 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). The actions by the State do not constitute entrapment since the defendants had a predisposition to

commit the crime. Campbell and Brown had planned their activities prior to the actions by the police. In order to claim entrapment the defendants must have been induced by law enforcement agents to commit a crime which the defendants otherwise would not have committed. It is not entrapment for officers merely to furnish a person the opportunity to commit a crime. *Taylor v. State,* 621 P.2d 1184 (Okl.Cr.1980); *Kiddie v. State,* 574 P.2d 1042 (Okl.Cr.1977); *Oliver v. State,* 568 P.2d 1327 (Okl.Cr.1977); *Raymer v. City of Tulsa,* 595 P.2d 810 (Okl. Cr.1970). In spite of their assertion of entrapment, the defendants did not present any evidence to establish such a defense. A defendant is not entitled to submission of the defense of entrapment to a jury where the trial transcript did not reveal any testimony raising the issue of entrapment other than an inquiry on cross-examination. *Johnson v. State,* 625 P.2d 1270 (Okl.Cr. 1981). This assignment of error is without merit.

## II

██ Next, the defendants contend that Judge David Collins, who issued the search warrant should not have authorized the serving of the warrant during the night.[1] In the instant case the affidavit positively stated that the property was in the place to be searched, and the affiant had received information that the manufacture of the amphetamines would begin approximately at midnight. It was a logical conclusion by Judge Collins that the amphetamines could have been moved or concealed after their manufacture. The judge's exercise of discretion in allowing the search warrant to be served day or night was in accord with 22 O.S.1981, § 1230.

██ The defendants also maintain that twenty-five (25) items not named in the search warrant, but seized at the time of the search, were improperly admitted into evidence. The unnamed items seized were laboratory equipment, chemistry books and chemistry formula notes all taken from Brown's residence. *Marron v. United States,* 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927) states that search warrants must particularly describe what is to be seized and officers executing the warrant may not exercise discretion in what is to be taken; however, this rule is subject to exception. Items which may be considered a means or instrumentality of the crime may be seized even if not described in the search warrant. *U.S. v. Acree,* 450 F.Supp. 734 (W.D.Okla. 1976). The laboratory equipment, chemistry books and chemistry formula notes that were seized during the search constituted evidence material to the charges in this case. Officers may seize any item which in their experienced judgment and knowledge of the circumstances is reasonably capable of being designed, intended, or used as an instrumentality of the alleged crime. *U.S. v. Acree,* supra.

After the defendants filed a motion to suppress, they failed to specifically object to the admission of the unnamed items based on unlawful seizure. This Court held in *Riddle v. State,* 288 P.2d 761 (Okl.Cr.1955), that failure to make specific objection at trial to the admission of evidence precludes objection on appeal. This Court requires that an alleged error occurring at trial must be raised and urged before the trial court and passed on by the trial court before the Court of Criminal Appeals will consider it on appeal. *Reid v. State,* 290 P.2d 775 (Okl.Cr.1955). We find that the admission of the complained of evidence was within the trial court's discretion. *Rose v. State,* 509 P.2d 1368 (Okl.Cr.1973).

Accordingly, the judgments and sentences are Affirmed.

BRETT, P. J., concurs.

CORNISH, J., concurs in results.

---

1. 22 O.S.1981, § 1230 states:

   The judge shall insert a direction in the warrant that it be served in the daytime, unless the affidavits be positive that the property is on the person, or in the place to be searched, and the judge finds that there is likelihood that the property named in the search warrant will be destroyed, moved or concealed. In which case the judge may insert a direction that it be served at any time of the day or night.