Timothy OWENS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-81-755.

Court of Criminal Appeals of Oklahoma.

July 26, 1982.

Rodney K. Freed, Shawnee, for appellant.

Jan Eric Cartwright, Atty. Gen., Jimmy D. Givens, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was convicted of Escape From a Penal Institution in Pottawatomie County District Court. He was sentenced to two (2) years' imprisonment.

On June 16, 1980, Owens entered the custody of the Oklahoma Department of Corrections pursuant to a Canadian County robbery conviction. On July 7, 1980, Owens was transported from the Lexington Treatment Center to the Pottawatomie County Jail for a Pottawatomie County District Court appearance. After the appellant's court appearance on July 23, 1980, the jailer attempted to escort Owens and another prisoner back to the Pottawatomie County Jail. Owens walked away from the jailer stating that he wanted to talk to a bondsman at the other end of the lobby. Owens then turned and walked out the front door, to the dismay of the jailer. He was arrested about three days later and returned to the Pottawatomie County Jail.

Owens first argues that the information was defective in that it erroneously alleges that he escaped from the District Court of Canadian County. The information provides:

Comes now, Bill Roberson, the duly qualified and acting District Attorney in and for Pottawatomie County, State of Oklahoma, . . . be informed, that on or about the 23rd day of July, 1980, . . . in said County and State and within the jurisdiction of this Court, the above named TIMOTHY OWENS then and there being, did then and there unlawfully, knowingly, willfully, intentionally, wrongfully, and feloniously commit the crime of ESCAPE FROM A PENAL INSTITUTION (21-443) in the following manner to-wit: in that the said Defendant did unlawfully, willfully and wrongfully, after conviction of a felony, in Case Number CRF-79-372, *State vs. Timothy Owens*, in the District Court of Canadian County, for the crime of ROBBERY WITH FIREARM, and while actually confined therein effected escape therefrom.

We find that a plain reading of the information informs the accused that the escape from a penal institution occurred in Pottawatomie County. It is clear the reference to the District Court of Canadian County merely indicates the county from which his prior conviction arose. The information alleged each material element of the offense. The information does not subject the appellant to the possibility of being put in jeopardy a second time for the same offense. Further, it is apparent that Owens was not misled by the language used in the information. 22 O.S.1981, § 401; *Williams v. State*, 579 P.2d 194 (Okl.Cr.1978).

He additionally argues that the District Court of Pottawatomie County lacked jurisdiction to try this cause. He proposes that because he was in the custody of the Department of Corrections at Lexington, jurisdiction over the escape from a penal institution lies in McClain County, the situs of Lexington Treatment Center.

The appellant asserts that the rule set forth in *Goodson v. State*, 562 P.2d 521 (Okl.Cr.1977) is inapplicable to the facts at bar. We disagree. In *Goodson*, supra, the accused was temporarily transported from the McAlester State Penitentiary to Griffin Memorial Hospital in Cleveland County.

Sometime during his stay at the hospital, Goodson escaped. Goodson was tried and convicted in Cleveland County District Court for escaping from a penal institution. He unpersuasively argued on appeal that he was erroneously tried for the crime of escape from a penal institution in Cleveland County, as venue properly lay in Pittsburg County, the situs of the institution from which the defendant escaped. The case at bar presents substantially the same factual situation.

This Court held in *Goodson*, supra, at 524, that:

> ... the defendant was obviously still under the control of the State Penitentiary even though he was on temporary furlough to a hospital in Cleveland County. Since it was in Cleveland County that the defendant first eluded his captors, it would be unreasonable to assume that the crime did not at least partially occur in Cleveland County. 22 O.S.1971, § 124, an offense committed in two counties, provides:
>
> > When a public offense is committed, partly in one county and partly in another county, or the acts or effects thereof, constituting or requisite to the offense, occur in two or more counties, the jurisdiction is in either county.
>
> Under the facts of this case the defendant was in actual custody in Cleveland County although he was in the constructive custody of the State Penal authority in Pittsburg County. Thus, when the defendant escaped the crime became one where the prohibited acts or effects thereof occurred in more than one county, and thus venue was proper in either.

■ We find that Owens was under the dominion and control of the Oklahoma Department of Corrections at the time he escaped from the Pottawatomie County District Courthouse. In accord with *Goodson*, supra, we find that jurisdiction to try the appellant for the crime of escape from a penal institution was proper in either McClain County (situs of Lexington Treatment Center) or Pottawatomie County.

■ Owens, lastly, asserts that he was denied effective assistance of counsel. He premises this contention solely on the fact that he was not represented by the same attorney who was appointed to him by the district court. On February 4, 1981, the trial court appointed Mr. West to represent him. However, it is undisputed that Mr. Basham, an associate of Mr. West, represented Owens throughout the criminal proceedings. The appellant does not argue that Mr. Basham provided inadequate legal representation nor does he contend that he was prejudiced by the change of counsel. He merely asserts that he was denied ineffective assistance of counsel because reasons for the change of counsel were not shown in the record. We find this argument untenable.

The Sixth Amendment guarantees a defendant assistance of counsel during his criminal proceedings. In *Johnson v. State*, 620 P.2d 1311 (Okl.Cr.1980), this Court stated that due process and particularly the Sixth Amendment demands that counsel must exercise a standard of reasonable competence in his representation. The record, in this case, clearly reflects that counsel, Mr. Basham, did exercise the skill, judgment and diligence of a reasonably competent criminal defense attorney.

The judgment and sentence is AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.