Selvenia **WILLIS**, Appellant,

v.

**STATE of Oklahoma, Appellee.**

**No. M–83–674.**

Court of Criminal Appeals of Oklahoma.

Sept. 12, 1985.

Rehearing Denied Oct. 7, 1985.

**168**

Selvenia Willis, Pro Se.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

On appeal from her conviction of Soliciting for Prostitution, Case No. CRM–82–1415, and sentence of thirty (30) days imprisonment from the District Court of Comanche County, Oklahoma, the appellant, Selvenia Willis, raises three assignments of error. We hold the assignments of error to be without merit, and affirm the judgment and sentence of the District Court.

■ In her first assignment of error, appellant claims that the police had no probable cause to approach her or arrest her. This contention has no merit. In this case, an undercover officer merely approached the appellant and asked to walk with her. Once the couple entered her apartment and appellant solicited sex with the officer, she was arrested. The encounter on the street between the police officer and appellant did not even reach the level of citizen encounter contemplated in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and, therefore, did not require probable cause or even reasonable suspicion. *See United States v. Mendenhall*, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). The arrest occurred after the officers had witnessed a crime; therefore, probable cause existed for the arrest, and no warrant was needed. *Finch v. State*, 644 P.2d 1378 (Okl.Cr.1982).

■ Appellant next claims that the transmission of her conversation with the police officer via the hidden microphone was an unconstitutional search and an invasion of her privacy. This, too, is without merit, as appellant could not have had a reasonable expectation of privacy in a conversation with a stranger; therefore, there was no search. *Finch v. State*, supra, Cf. *Pearson v. State*, 556 P.2d 1025 (Okl.Cr. 1976).

■ Finally, appellant contends her arrest was the result of an entrapment. The trial judge did not instruct the jury on entrapment, as the defense had not been properly presented. The defense of entrapment is available only when a defendant is induced to commit a crime she would not otherwise have committed. It is not entrapment for the police simply to furnish a defendant with the opportunity to commit a crime. *Taylor v. State*, 621 P.2d 1184 (Okl. Cr.1980). Furthermore, appellant had continually insisted she did not commit the crime at all. This is inconsistent with the defense of entrapment. *Neilson v. State*, 639 P.2d 615 (Okl.Cr.1981).

Accordingly, after reviewing the record, we find the judgment and sentence should be AFFIRMED.

BRETT, J., concurs.

BUSSEY, J., not participating.