**Mary REYES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–681.**

Court of Criminal Appeals of Oklahoma.

March 15, 1988.

Terry J. Hull, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Mary Reyes, was tried by a jury in Jackson County District Court, Case No. CRF–83–71, and found guilty of Unlawful Delivery of a Controlled Dangerous Substance in violation of 1982 Okla. Sess.Laws, ch. 12, § 3, now amended as 63 O.S.Supp.1987, § 2–401(B). While the jury recommended that appellant be fined four hundred dollars ($400.00) and sentenced to six (6) years' imprisonment, the trial judge suspended the fine and imposed only the six year prison sentence. Appellant now appeals both judgment and sentence.

On February 10, 1983, appellant sold thirty (30) tablets of the prescription drug "Preludin," which contained the Schedule II controlled substance "Phenmetrazine," to Agent W.F. Turner of the Oklahoma Bureau of Narcotics and Dangerous Drugs. An acquaintance of appellant who had become an informant for the Bureau arranged the sale. This confidential informant, known at trial as "Luther," asked appellant if she would be interested in selling some of her Preludin diet pills; desperately in need of money, she said she would.

During the transaction, Agent Turner wore a "concealed body transmitter" so that his back-up, Agent Leon Glenn, could monitor the conversation. When the sale was complete, Agent Turner left appellant's home and met Agent Glenn at a predetermined location. Upon their arrival, Agent Turner took the prescription bottle from his jacket, placed it in an O.S.B.I. envelope, locked the envelope in a briefcase, and put the briefcase in his trunk. At 4:15 p.m. that afternoon, Turner placed the pill bottle in a laboratory envelope (State's exhibit 1) and locked it in his "personal evidence" locker. Four days later, he delivered the bottle of pills to the O.S.B.I. lab in Lawton, where Mr. Thomas Reynolds analyzed them and determined that they contained the controlled drug Phenmetrazine.

 In her first assignment of error, appellant claims that the trial court's failure to instruct the jury sua sponte on the defense of entrapment relieved the State of its burden to show that there was no entrapment, and also deprived her of the right to have a jury determine the facts, in violation of her Fourteenth and Sixth Amendment rights, respectively. We disagree. Whether requested or not, an instruction on the defense of entrapment is required only if the evidence presented sufficiently raises the issue. *Johnson v. State*, 731 P.2d 424, 426 (Okl.Cr.1986). There is sufficient evidence to support an entrapment instruction if the facts suggest that the defendant was induced to commit a crime that she would not otherwise have committed: "[t]o determine whether entrapment has been established, a line must be drawn between the trap for the unwary innocent and the unwary criminal." *Sherman v. United States*, 356 U.S. 369, 372, 78 S.Ct. 819, 821, 2 L.Ed.2d 848 (1958). However, if the evidence reflects that the police simply furnished the defendant with an opportunity to commit the crime, it does not suggest entrapment and is thus insufficient to support an entrapment instruction. *Willis v. State*, 706 P.2d 167, 168 (Okl.Cr. 1985).

 The evidence presented in the case at bar suggests not that the police lured or tricked the appellant into committing a crime that she would not otherwise have committed, but instead that they laid a trap for an "unwary criminal." On previous

occasions, Luther had asked for and been given several of appellant's diet pills. He then offered to put appellant in contact with a man (Agent Turner) who wanted to purchase some of her pills. While there was conflicting testimony concerning the degree of Luther's participation in the actual sale, appellant's own admissions suggest that no one coerced or lured her into committing a crime which she had never contemplated. First, appellant was very concerned about whether Luther was involved with the police; she also threatened to kill him if he had set her up; second, appellant wrote her name and phone number on a piece of paper and gave it to Agent Turner before he left, and admitted on the witness stand that she "might have said" that she would sell him one-hundred and twenty (120) Valium a month; third, appellant testified that she carefully removed the prescription label with her name on it from the pill bottle before giving it to Turner; finally, appellant testified that she refused Turner's $350.00 offer and insisted that he pay $400.00 for the thirty (30) pills. These facts do not support an entrapment instruction. Appellant's first assignment of error is therefore without merit.

In her second assignment of error, appellant alleges that the trial court erred by admitting prejudicial "other crimes" evidence. We disagree. While "other crimes" evidence is generally inadmissible under 12 O.S.1981, § 2404(B), evidence of offenses different from the one charged is admissible when both offenses are so closely linked as to constitute part of the "res gestae" of the crime charged. *Moreau v. State*, 530 P.2d 1061 (Okl.Cr. 1975). Although something done or said by appellant during the commission of the charged offense might also constitute a crime, these statements or actions are admissible as part of the "res gestae" if they shed light on what occurred. *Tinney v. State*, 712 P.2d 65 (Okl.Cr.), *cert. denied*, 476 U.S. 1121, 106 S.Ct. 1986, 90 L.Ed.2d 668 (1986); *Buff v. State*, 538 P.2d 1117 (Okl.Cr.1975).

The allegedly inadmissible "other crimes" evidence in the instant case con-sists of appellant's threat to kill Luther if he got her busted, and her offer to sell Valium to Agent Turner, both of which were made during the alleged drug sale. These statements, although potentially incriminating, were admitted to elucidate the nature of the transaction: the threat was relevant proof that appellant was aware of the seriousness of the drug sale; her offer to sell Valium, which she corroborated through her own testimony, was probative of her willingness to exchange drugs for money. This "other crimes" evidence was thus admissible as part of the "res gestae" of the charged offense. While appellant also contends that she was prejudiced and unable to prepare an adequate defense due to the State's failure to file a "Burks" notice of intent to introduce evidence of other crimes, we reiterate that no such notice is required when, as in the case at bar, the other offenses "are actually a part of the res gestae of the crime charged...." *Burks v. State*, 594 P.2d 771, 774 (Okl.Cr. 1979). The "other crimes" evidence of which appellant complains was properly admitted and thus appellant's second assignment of error is without merit.

Appellant's third assignment of error alleges that she was denied effective assistance of counsel in violation of her Sixth and Fourteenth Amendment rights. Appellant cites six instances in which she claims that trial counsel's performance fell below the objective standard of reasonableness required by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, it is alleged that defense counsel failed to request an instruction on appellant's entrapment defense; second, that he failed to file a motion in limine to prevent admission of prejudicial "other crimes" evidence; third, that he cross-examined each witness on the "other crimes" evidence; fourth, that he failed to preserve a record of closing argument; fifth, that he failed to subpoena the State's confidential informant; and sixth, that he failed to request a suspended sentence.

In order to succeed on a claim of ineffective assistance of counsel, the accused

must demonstrate unreasonably poor performance and prejudice. See *Strickland*. The attorney's performance is considered unreasonable when, in light of all the circumstances of the case, he or she "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Prejudice is shown if the accused can demonstrate a reasonable probability that defense counsel's poor performance affected the outcome of the trial. We have reviewed the six instances of counsel's allegedly unreasonable performance and conclude that his overall performance did not fall below the *Strickland* standard. Therefore, appellant's third assignment of error is without merit.

 In her fourth assignment of error, appellant claims that the six year sentence imposed upon her was excessive and should have been suspended. Appellant argues that the trial judge should have suspended her sentence sua sponte, pursuant to a provision in 1982 Okla.Sess.Laws, ch. 12, § 3, now amended as 63 O.S.Supp.1987, § 2–401(B)(2), which sanctions a deferred sentence or probation for first offenders who are convicted under the statute.

According to 1983 Okla.Sess.Laws, ch. 59, § 1, now amended as 22 O.S.Supp.1987, § 991a, whether to suspend appellant's sentence is within the sound discretion of the trial judge. The Court of Criminal Appeals will not disturb discretionary rulings of a trial court unless such ruling constitutes an abuse of discretion. *Wolfenbarger v. State*, 710 P.2d 114 (Okl.Cr.1985), *cert. denied*, 476 U.S. 1182, 106 S.Ct. 2915, 91 L.Ed.2d 544 (1986); *Neilson v. State*, 639 P.2d 615 (Okl.Cr.1981), *appeal dismissed, cert. denied*, 454 U.S. 1117, 102 S.Ct. 961, 71 L.Ed.2d 105 (1981). In the case at bar, the trial judge's decision to suspend the four hundred dollar fine but impose the six year prison sentence was not an abuse of discretion, and we will not disturb it. Nor is the sentence imposed upon appellant so excessive as to shock the conscience of this Court and thus modifiable. *Freeman v. State*, 721 P.2d 1331 (Okl.Cr.1986). While appellant also asserts that defense counsel

contributed to the excessiveness of her sentence by his failure to request a deferred sentence pursuant to 63 O.S.Supp.1987, § 2–401(B)(2), the record reflects that counsel did in fact request that four of the six year sentence be suspended. The six year sentence which the trial judge imposed upon appellant was neither an abuse of his discretion nor an excessive punishment. Appellant's fourth assignment of error is therefore without merit.

Finding no error, the judgment and sentence is AFFIRMED.

BUSSEY and PARKS, JJ., concur.