Timothy C. **OWENS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–86–451.

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1988.

Rehearing Denied Oct. 11, 1988.

Lisbeth L. McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Wellon B. Poe, Jr., Legal Intern, Oklahoma City, for appellee.

**OPINION**

BUSSEY, Judge:

The appellant, Timothy Owens, was convicted in the District Court of Pittsburg County Case No. F–85–278 of the crimes of Kidnapping (Count I), and Assault with a Dangerous Weapon (Count II) After Former Conviction of Two or More Felonies. He was sentenced to consecutive terms of imprisonment of twenty (20) years on each count, and appeals.

On June 10, 1985, the appellant, an inmate in protective custody at the Oklahoma State Penetentiary, complained to prison guards that he was sick. The guards took Owens to the prison infirmary for an examination. Once he was inside the holding area of the infirmary, Owens, armed with a

homemade knife and a razorblade, grabbed a nurse and held her hostage for over eighteen hours. The nurse was only able to escape when Owens, fatigued and depressed, made a futile attempt to hang himself.

Owens did not limit his violent behavior to his prison environment. On November 12, 1985, at his preliminary hearing on the charges arising from the hostage incident, Owens became dissatisfied with his court appointed attorney. At the close of the hearing, in the presence of the trial judge, Owens again became violent and abusive. He spat in the face of his attorney and discharged him. The court allowed Owens to proceed pro se from that point.

On November 20, 1985, during an in camera hearing immediately prior to trial, Owens became upset with the trial court's ruling when the judge refused to make a last-minute appointment of an attorney that Owens had selected. He became further enraged when the trial judge refused to grant a continuance in order to issue subpoenas on Owen's behalf. These rulings precipitated what the trial judge termed as a "tantrum" immediately outside the courtroom. Owens was taken into a witness room where he continued his tirade, breaking furniture, screaming, and generally attempting to demolish the facilities. While Owens was locked in the witness room, the trial judge was forced to hold another in camera hearing and take testimony from one of Owen's guards, who stated that it was his opinion that Owens would be uncontrollable in front of the jury without shackles. Faced with this situation, the judge reappointed Owen's original attorney, who had been serving as stand-by counsel, to represent him at the trial. The judge informed Owens' guards not to bring him back into the courtroom until they could tell the court that Owens would behave himself. Owens was not brought back into court that day.

■ The appellant raises three assignments of error, none of which relate to the merits of the State's case against him. The third assignment, where he alleges that the information was defective, is raised for the first time on appeal and is waived. *See, e.g., Roth v. State,* 714 P.2d 216 (Okl.Cr.1986); *Williams v. State,* 579 P.2d 194 (Okl.Cr.1978). In the first two assignments, Owens argues that two of his Sixth Amendment rights have been violated, warranting reversal and a new trial.

■ Owens first argues that his right to confront the witnesses against him was violated when the court refused to allow him to be present during the trial. In support of this assignment, he relies almost exclusively on the case of *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). We agree with the appellant that *Allen* provides the applicable constitutional guidelines for the decision we reach here. There, the United States Supreme Court "explicitly" ruled that a criminal defendant can, by his disruptive actions, waive his right to be physically present during his trial. *Id.* at 343, 90 S.Ct. at 1060–61.

It must be recognized that in *Allen,* the defendant's behavior was arguably more disruptive than was Owens' behavior prior to his trial. There, Allen engaged in a continued pattern of disruption despite the trial judge's repeated, often strained, attempts at warning the defendant that he would be removed if the behavior continued. However, Allen did continue his disruptive and abusive behavior in front of the jury and was removed because the trial could not be conducted in a meaningful manner with him in the courtroom. *Id.*

The same is true in this case. The trial judge made an in camera determination that the trial could not be conducted in a meaningful manner with Owens present. Unlike *Allen* however, in this case Owens was not "*constantly* informed that he could return to the trial when he would agree to conduct himself in an orderly manner." *Id.* at 346, 90 S.Ct. at 1062. (Emphasis added). On appeal, Owens makes much of the fact that the trial judge did not call him back into the courtroom during his tirade and warn him of the consequences of his acts. Owens attempts to suggest that he was unaware of the fact that the trial was to be held. We find this latter suggestion ludicrous in light of the plain fact that

Owens was present and conducted his tantrum immediately after an in camera hearing which he knew was being held just prior to voir dire. In fact, the record shows that Owens' counsel commented that Owens' tirade occurred "only a few minutes before the start of trial." We are convinced from the record that Owens not only knew that the trial was about to begin, but that his fit of temper was a calculated effort to force the court to delay the proceedings.

The Supreme Court addressed this tactic in the *Allen* decision. In context, the court was discussing what it considered to be "at least three constitutionally permissible ways" to handle disruptive defendants like Owens and Allen: "1) bind and gag him, thereby keeping him present; 2) cite him for contempt; 3) take him out of the courtroom until he promises to conduct himself properly" *Illinois v. Allen*, 397 U.S. at 343–344, 90 S.Ct. at 1061. We need only note here that the first option is prohibited by statute in Oklahoma. *See* 22 O.S.1981, § 15.

In discussing the contempt option, the *Allen* court was careful to point out the fact that this sanction is ineffective if a defendant, like Owens, seems "determined to prevent *any* trial." 397 U.S. at 345, 90 S.Ct. at 1061. (Emphasis in original). The court recognized, as we do here, that the contempt sanction is useless also when the defendant is charged with a crime so serious that a very severe sentence is likely to be imposed. The ineffectiveness of citing Owens for contempt is highlighted when we recognize the possibility that Owens very likely could have received a substantially longer term of imprisonment than the minimum sentences he received in this case. *See, e.g., Edwards v. State*, 663 P.2d 1233 (Okl.Cr.1983); 21 O.S.Supp.1986, § 51. We believe that Owens knew that he had nothing to lose and everything to gain by

creating a disturbance which, he hoped, would force a delay in the proceedings.[1]

*Illinois v. Allen* does not stand for the proposition that a trial judge must cater to every whim and fancy that such a disruptive defendant can create. "A court must guard against allowing a defendant to profit from his own wrong in this way." *Id.* 397 U.S. at 345, 90 S.Ct. at 1062. We think that the trial judge in this case did all that he could do to protect Owens' rights, despite Owens' actions to the contrary. Further, the trial court did leave explicit instructions that Owens' be brought back into the courtroom as soon as he gave any indication that he was willing to behave himself. The record is clear on this point and Owens' plainly misleading averments on appeal are without substance or foundation. We refuse to adopt a construction of the appellant's right to be present during his trial which would have the effect of encouraging this type of abhorrent behavior by any criminal defendant with a personal axe to grind. "There can be no doubt whatever that the [State's] prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward." *Illinois v. Allen*, 397 U.S. at 349, 90 S.Ct. at 1063, (Brennan, J., concurring).

As his second assignment of error, the appellant attempts to suggest that he received ineffective assistance of counsel. Again, we are compelled to disagree. Several factors force us to that conclusion.

First, our review of the transcript of the trial shows that Owens was represented by a skilled, knowledgeable, and aggressive attorney. Counsel's trial performance was well above the standard of reasonably competent assistance of counsel, *Ferguson v. State*, 675 P.2d 1023 (Okl.Cr.1984), and does not even approach a level of deficiency which could prejudice this appellant. *See Strickland v. Washington*, 466 U.S.

---

1. Timothy Owens is no stranger to this court, and is currently serving prison sentences for a number of crimes committed in Oklahoma the past few years. See: *Owens v. State*, 706 P.2d 912 (Okl.Cr.1985); *Owens v. State*, 665 P.2d 832 (Okl.Cr.1983); *Owens v. State*, 654 P.2d 657 (Okl.Cr.1982); *Owens v. State*, 648 P.2d 1246

(Okl.Cr.1982). Rather than being prejudiced by his absence from the courtroom, given the wide range of terms of incarcertion possible and Owens' demonstrated ability to act to his own detriment, we think it likely that he benefited by his absence.

668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ferguson v. State, supra.* Indeed, the only time that this appellant arguably had ineffective counsel was when he was attempting to proceed pro se. A criminal defendant may not, by words or actions, elect to proceed pro se and later complain of ineffective assistance of counsel on appeal. *Parker v. State,* 556 P.2d 1298, 1302 (Okl.Cr.1976). Owens' complaints about his court-appointed counsel and the colloquy between the trial judge and Owens are almost identical to the exchange between the defendants and the trial judge in *Parker, supra,* and in *Johnson v. State,* 556 P.2d 1285 (Okl.Cr.1976). In both of the above cases this Court refused to place credence in arguments identical to the complaints raised by Owens here. Owens' second assignment of error is also without merit.

Accordingly, the judgment of the trial court is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in part/dissents in part.

PARKS, Judge, concurring in part and dissenting in part:

I concur in the majority's disposition of appellant's first two assignments of error. I dissent and write separately concerning appellant's third assignment of error. The majority states, "The third assignment, where he alleges that the information was defective, is raised for the first time on appeal and is waived." This is an inaccurate statement of the facts and the law.

First, appellant raised the issue of a defective information at trial and demurred to the information. (Tr. of Nov. 21, 1985 at 2–4). Thus, appellant squarely presented the issue to the trial court. Therefore, the issue is not raised for the first time on appeal.

Second, the authorities cited by the majority specify that failure to timely demur or object to the information waives *all but jurisdictional error.* A lack of jurisdiction is never waived and may be raised at any time. *Johnson v. State,* 611 P.2d 1137,

1145 (Okla.Crim.App.1980), *cert. denied,* 449 U.S. 1132, 101 S.Ct. 955, 67 L.Ed.2d 120, *reh'g denied,* 450 U.S. 1026, 101 S.Ct. 1734, 68 L.Ed.2d 221 (1981); *Pitts v. State,* 96 Okl.Crim. 178, 251 P.2d 527 (1953). Appellant raised at trial and on appeal a jurisdictional question.

Finally, appellant argued at trial that the information failed to state a public offense. The trial court agreed that the heading of the information, which charged appellant with "assault with a deadly weapon—a knife," failed to state a public offense because 21 O.S.1981, § 652, requires an assault *and battery* by means of a deadly weapon, but further found that the charging part of the information specified an assault with a dangerous weapon and did state a public offense under 21 O.S.1981, § 645. Failure to state a public offense in an information is one of the grounds which may be raised at trial after entering a plea of not guilty under 22 O.S.1981, § 512.

I, therefore, conclude that appellant properly preserved this issue for appellate review, that it should be addressed on the merits, and that failure to do so is a deprivation of fundamental due process. Accordingly, I respectfully dissent.

### ORDER DENYING PETITION FOR REHEARING

On October 6, 1988, petitioner filed a pro se petition for rehearing. He claims that the opinion delivered by this Court on September 20, 1988, improperly found that his third assignment dealing with a defect in the information had been waived. In support, he relies upon the reference made by the dissent to the transcript of trial. However, the dissent did not take cognizance of the fact that this reference was to the second volume of trial transcript, or that defense counsel specifically noted that "both sides have rested." The demurrer was not timely raised, and the issue was not preserved for appellate review.

Nor does 22 O.S.1981, § 512 further petitioner's position. That statute provides in part, "[T]he objection ... *that the facts stated do not constitute a public offense*

may be taken at trial ..." The facts stated in the information filed against petitioner claim that on June 10, 1985, he did intentionally and without justifiable or excusable cause commit an assault on one Nancy Steele with a sharp and dangerous weapon, to-wit: a homemade knife being sharp of edge and point, held in the hand of said defendant and used by him to present, slash at, menace, and threaten to cut and stab the said Nancy Steele with the unlawful and felonious intent then and there to do her bodily harm ....

There can be no doubt either that these facts constitute a public offense or that the district court had jurisdiction over the subject of the information. No objection could have been raised under § 512 to a mere defect in the caption of the charge listed on the information.

Wherefore, premises considered, IT IS THE ORDER OF THIS COURT that the Petition for Rehearing filed in this case should be, and hereby is, DENIED. The Clerk of this Court is directed to issue mandate forthwith.

IT IS SO ORDERED.

Rehearing Denied Oct. 19, 1988.