David Mack STAGGS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–87–286.

Court of Criminal Appeals of Oklahoma.

Jan. 8, 1991.

Scott W. Braden, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

David Mack Staggs, appellant, was tried by jury for the crime of Murder in the First Degree, in violation of 21 O.S.1981, § 701.7, in Case No. CRF–86–49 in the District Court of Beckham County. The jury returned a verdict of guilty and set punishment at life imprisonment. From this judgment and sentence, appellant has perfected this appeal.

On April 12, 1982, a body that had been shot and which was later identified as Scott McCance, was found in a roadside ditch south of Elk City. The appellant had been seen with McCance on April 3, 1982, when they left the residence of Hargess, a mutual acquaintance, to get beer and ride around. Hargess and Duncan, who saw them leave together, never saw McCance after this date.

On May 8, 1986, the appellant was charged by information with first degree murder based upon malice aforethought. At trial, although the information was never amended to include any underlying felonies, the jury was instructed that they could find the appellant guilty of either first degree malice aforethought murder or felony murder, with the underlying felonies being robbery and kidnapping. As the appellant was never charged with either kidnapping or robbery, he was never put on notice that he would need to defend against any underlying felonies.

■ We find appellant's third assignment of error to be dispositive of this case. In his third assignment of error, the appellant first argues that the trial court committed reversible error by failing to require a unanimous jury verdict on a single theory of guilt, either malice aforethought murder or felony murder. He also argues that it was error for the trial court to instruct on felony murder because he was not charged with any underlying felonies. A review of the record reveals that the appellant did not object to the instructions given at trial nor did he request any of his own. However, insofar as we have found that the errors complained of are fundamental in that they deprived the appellant of a right essential to his defense, we can address them for the first time on appeal. *See West v. State*, 764 P.2d 528 (Okl.Cr.1988).

It is true that a unanimous verdict is guaranteed by the Oklahoma Constitution. Okla. Const., art. 2, § 19; *Blackwell v. State*, 663 P.2d 12 (Okl.Cr.1983). This Court has held that where a defendant is charged with alternative theories upon which to base a conviction for first degree murder, where each were alleged and proved, a defendant will not be found to have been denied a unanimous verdict when the jury does not specify the theory upon which they base their verdict of guilt, malice aforethought or felony murder. *See James v. State*, 637 P.2d 862, 865 (Okl.Cr. 1981), *overruled in part on other grounds*, 743 P.2d 133 (Okl.Cr.1987); *Plunkett v. State*, 719 P.2d 834, 841 (Okl. Cr.1986) *Newstead v. State*, 720 P.2d 734, 737 (Okl.Cr.1986). However, in each of those cases, the defendant was charged with *both* malice aforethought murder and one or more of the enumerated underlying felonies for felony murder. The situation in the present case is distinguishable from those cases because here, the appellant was never charged with any underlying felonies.

In *Munson v. State*, 758 P.2d 324 (Okl. Cr.1988), *cert. denied*, 488 U.S. 1019, 109 S.Ct. 820, 102 L.Ed.2d 809 (1989), where the appellant was charged with the underlying felonies of kidnapping and armed robbery, we found that the inclusion of these of-

fenses in the amended information put the appellant on notice that he could be tried for felony murder. However, in *Munson,* we specifically stated that "if appellant had not been put on notice of the underlying felonies that he would be required to defend against, due process considerations would have required a reversal." *Id.* at 332. A defendant must be given notice of the nature and cause of the accusation against him and given a meaningful opportunity to prepare a defense. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied,* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); Okl. Const. art. II, § 20. A conviction based upon a charge not made or upon a charge not tried constitutes a denial of due process. *Jackson,* 99 S.Ct. at 2786. Consistent with our ruling in *Munson* and the Supreme Court's holding in *Jackson,* we must now reverse because the appellant in this case was never charged with additional felonies and, therefore, was not on notice that he could be charged with felony murder. Thus, he was denied his right of due process under both the federal and Oklahoma constitutions.

■ Although we have determined that the appellant's third assignment of error warrants reversal, we also find that his first proposition merits discussion. In his first assignment of error, the appellant claims that the trial court erred in admitting into evidence a photograph of the victim taken while he was alive. Photographs of victims are inadmissible unless they are relevant to some material issue and their relevancy outweighs the danger of prejudice to the defendant. *Franks v. State,* 636 P.2d 361, 366 (Okl.Cr.1981). The State claims that the picture of the victim was relevant to show identification but it also concedes that the victim was positively identified through fingerprints. Therefore, it is clear that identification of the victim was not at issue. This Court has held that where there is no purpose in introducing such pictures into evidence, such admission invokes the sympathy of the jury and constitutes error. *See Hayes v. State,* 738 P.2d 533, 538–39 (Okl.Cr.1987), *vacated on other grounds* 486 U.S. 1050, 108 S.Ct.

2815, 100 L.Ed.2d 916 (1988); *Whittmore v. State,* 742 P.2d 1154, 1156 (Okl.Cr.1987). Likewise, we find that it was error to introduce the picture at issue in this case.

For the foregoing reasons, the judgement and sentence is REVERSED and REMANDED to the district court for a new trial.

PARKS, P.J., LANE, V.P.J., and LUMPKIN and JOHNSON, JJ., concur.