Charles B. CONNER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-87-601.

Court of Criminal Appeals of Oklahoma.

Oct. 16, 1992.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Presiding Judge:

Charles B. Conner, Appellant, was tried by jury and convicted of the crimes of Lewd Molestation (21 O.S.1981, § 1123) and Oral Sodomy (21 O.S.1981, § 886) in Cotton County District Court, Case No. CRF–86–20. The jury set punishment at twenty (20) years imprisonment, and the trial court sentenced accordingly. Appellant raises six propositions of error. Four of these concern the trial court ruling that the jury could view a videotaped interview between a Department of Human Services social worker and the victim, six year old K.B. Appellant argues he was denied his right to cross-examine the child, that the tape was inadmissible hearsay, that the trial court erred in ruling K.B. unavailable, and that the use of anatomically correct dolls during the taped interview deprived him of a fair trial. He also challenges the appointment of an attorney to represent the interests of K.B., and he argues his sentence is excessive.

We find the trial court committed reversible error in appointing an attorney to represent K.B., for no statutory authority exists for the appointment. Having recently found Title 22 O.S. Supp.1986, § 752 unconstitutional on its face, we must also reverse on the ground that the videotaped interview of K.B. was admitted into evidence unconstitutionally. *See Burke v. State,* 820 P.2d 1344 (Okl.Cr.1991).[1]

Gloyd L. McCoy, Asst. Appellate Public Defender, Norman, for appellant.

1. As I wrote in my dissent to *Burke,* I believe Section 752 does not offend the Confrontation Clause of the Oklahoma or federal constitutions, and it can be constitutionally applied when it is used in conjunction with the provisions of the Oklahoma Evidence Code. Section 2803.1 of the Evidence Code provides that statements of children twelve years of age or younger which describe any act of sexual contact performed with or on the child is admissible if the child testifies or is declared unavailable. This Court found Section 2803.1 to be constitutional in *Jones v. State,* 781 P.2d 326 (Okl.Cr.1989).

In the present case the trial court found K.B. was unavailable. K.B.'s statements describing the appellant's sexual contact with her were properly admitted through the testimony of her baby sitter, for corroborating evidence of the sexual contact was also admitted. Under *Burke* the only error occurred when those same statements were admitted again through a video recording. I find no reason whatsoever to make a constitutional distinction between the admissibility of statements relayed by a witness as allowed by Section 2803.1 and the same statements recorded by video tape. However, I am bound by *stare decisis* to apply the majority holding in *Burke* to the present case.

While teenaged baby sitter Sheila Durbin was changing the diaper of K.B.'s baby brother, K.B. asked her if she wanted K.B. to "suck his body". Sheila asked K.B. why she would ask that, and, crying, K.B. replied, "I only want you to like me. My daddy doesn't like me when I don't suck his body". K.B. asked Durbin not to tell so K.B. wouldn't get whipped. Two months later Durbin reported this incident to the police.

Social worker Vivian White interviewed K.B. shortly after the report was filed, and video taped the interview. On tape K.B. told White that the male sex organ is a "body". She clearly stated graphic details of sodomy the appellant forced her to perform. K.B. also stated her daddy put lotion on his hands and, using the anatomically correct girl doll, showed White how her daddy touched her genitals. The trial court determined K.B. was unavailable to testify, and this tape was played for the jury.

The testifying physician explained K.B. had a non virginal hymen and an enlarged vaginal opening. He could not state K.B. had been molested. The appellant vehemently denied the charges when he testified.

We will first address the appointment of counsel for the child victim, K.B. Appellant argues K.B.'s counsel was a special prosecutor. He claims to have no objection to the appointment of counsel, he objects only to counsel's active participation in the trial. The State argues appellant has waived objection to the appointment of counsel by failing to object at trial, and that the error, if any, is harmless.

 The problem with the appointment of counsel to represent the interests of K.B. is the lack of statutory authority for the appointment. The legislature has made the policy decision to allow appointment of counsel to protect the interests of the child victim in cases of child abuse brought under 21 O.S.1981, § 843. Appellant, however, was not charged under this section, but was charged under Sections 1123 and 886. No statutory authority exists for the appointment of counsel to represent the inter-

ests of child victims of crimes charged under these sections. The appointment of counsel for the victim was, therefore, fundamental error.

 Fundamental error is that which goes to the foundation of the case or takes from the defendant a right essential to the defense. *West v. State*, 764 P.2d 528 (Okl. Cr.1988); *Staggs v. State*, 804 P.2d 456 (Okl.Cr.1991). Because the error is fundamental, it is not waived.

 Whether the error is harmless must next be determined. K.B.'s counsel actively participated in the cross-examination of witnesses and closing argument. He had apparently concluded conviction of the appellant was in the best interest of K.B. and he was an effective advocate. Had he remained passive at trial we might find his appointment was harmless error. However, his active advocacy put the defendant in a "two against one" trial situation which we cannot say beyond a reasonable doubt was harmless. This error therefore requires reversal and remand of this matter. *See Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

 The video taped interview of K.B. was admitted under Title 22 O.S.Supp.1986, § 752. This section expressly provided for the admission of recorded statements when certain indicia of reliability are present, and the child is available as a witness, or the child is unavailable and corroborating evidence of the act described is present. However, Section 752 has been found to be unconstitutional on its face. *Burke v. State*, 820 P.2d 1344 (Okl.Cr.1991). Therefore admission of the videotaped interview of K.B. was improper and also warrants reversal.

LUMPKIN, V.P.J., and BRETT, PARKS and JOHNSON, JJ., concur.