Leopold LALLI, Appellant,

v.

**STATE of Oklahoma, Appellee.**

No. F–88–0995.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1994.

Cindy G. Brown, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen. of Oklahoma, Sid Brown, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Judge:

Leopold Lalli, Appellant, was tried by jury and convicted for the crime of Unlawful Delivery of Marijuana in Pittsburg County District Court, Case No. F–88–26. The jury set punishment at the maximum allowable, twenty (20) years imprisonment and a $10,000 fine. The trial court sentenced accordingly. On appeal the appellant asserts the trial court improperly admitted evidence of another drug buy by the informant who bought four ounces of marijuana from him, prosecutorial misconduct, sentencing inconsistent with the Information and excessive sentence. We find the evidence of the other drug buy was improperly admitted and we find prosecutorial misconduct. Under the circumstances of this case these errors led to an excessive sentence driven by passion and prejudice. We therefore affirm judgment and modify the sentence to fifteen (15) years imprisonment and a fine of $5,000.

This case arises out of the sale of four ounces of marijuana by the appellant for $300 to police informants Bennett Carter and his wife, Rita Fabry. The sale was recorded via a body microphone on Carter, and the informants immediately turned the marijuana over to the police.

The informants bought amphetamine from someone else in a totally unrelated transac-

tion immediately prior to buying marijuana from the appellant. Over defense objection the trial court allowed the State to mention this transaction in opening statement and elicit evidence of this other transaction. The State argued, and the Court agreed, this other transaction was part of the *res gestae* of the marijuana buy because the informants were searched after the amphetamine buy which was immediately prior to the marijuana buy. However, the trial court sustained defense objection when the State tried to elicit details of the amphetamine transaction and admonished the jury to disregard this evidence.

■ Appellant argues the introduction of the evidence of the other drug buy denied him a fair trial by focusing the jury's attention on the overall problem of illegal drug trade. We agree as to the effect on the recommended punishment.

The term *res gestae* has become rather problematic. In the course of our appellate review we see this exception is often perceived to be much wider that it truly is. When we examine the Oklahoma Evidence Code we see the Commission eliminated the *res gestae* exception in the context of hearsay, and expressed doubts about its vitality in the context of other crimes evidence. *See* 12 O.S.1981, §§ 2404(B) and 2803. Our post-Evidence Code cases leave no doubt as to the continuing vitality of the res gestae exception in the context of other crimes evidence. *See* e.g. *Reyes v. State*, 751 P.2d 1081 (Okl.Cr. 1988); *Duvall v. State*, 780 P.2d 1178 (Okl. Cr.1989); *Hyatt v. State*, 779 P.2d 993 (Okl. Cr.1989). The case before us clearly shows, however, that confusion exists as to the scope of the res gestae exception.

■ We adhere to the explanation set forth in *Bruner v. State*, 612 P.2d 1375, 1377 (Okl.Cr.1980):

Where the offense charged is so connected with the other offenses as to form part of an entire transaction, evidence of other offenses may be admissible to show the character of the offense charged.

*Bruner* clearly states the evidence of other offenses is not automatically admissible, but may be admissible to show the character of the offense charged. Implicit in this language is the duty of the trial court to determine relevancy. The Court must determine whether the proposed evidence of other crimes is relevant to show the character of the offense charged. If the proposed evidence is not relevant to show the character of the offense charged, the evidence is not admissible. *See* 12 O.S.1981, § 2401.

In the present case evidence that the police informants were searched prior to the marijuana buy from appellant is relevant. This establishes the source of the marijuana. However, evidence of the amphetamine buy from someone else immediately prior to the buy from appellant does not show the character of the sale of marijuana which is the offense charged. Therefore this evidence is not relevant, and not admissible.

Even though the trial judge admonished the jury to disregard details of the amphetamine sale and to limit the consideration of the existence of the sale to the searches performed, the damage of putting before the jury the larger problem of drug trafficking had already been done and could not be undone. *See Wright v. State*, 637 P.2d 869 (Okl.Cr.1981); *Coats v. State*, 589 P.2d 693 (Okl.Cr.1978). The admission of this inadmissible evidence evoked passion and prejudice in the jury.

■ The appellant next argues the following comment warrants reversal:

Ladies and gentlemen of the jury, I ask you this, (defense counsel) has done his job. We proved it. His job was to say to me, the D.A. of the State of Oklahoma, okay you filed a case, prove it. We did. We did our job. We proved it. His job was to say to us, make us prove it. We did our job ...

(Defense counsel) can do his job, I can do my job, the officers can do their job and the Court does their job. But the jury then must reach the right result for this system to function effectively.

■ The comment did not draw a contemporaneous objection, and the appellant has thus waived all but fundamental error. *Hunt v. State*, 793 P.2d 1366 (Okl.Cr.1990); *Quilliams v. State*, 779 P.2d 990 (Okl.Cr.

1989). Fundamental error is that which deprives the defendant of a right essential to his defense. *Staggs v. State*, 804 P.2d 456 (Okl.Cr.1991).

In context, the second paragraph came after the prosecutor explained that if the evidence shows the defendant is guilty the jury should find him guilty. However, even in context the comment is error. The job of the defense is not merely to make the State prove its case. The "right result" for the jury to reach is a verdict based on the evidence. Because the evidence of guilt was overwhelming in this case we do not find this error warrants reversal of judgment. However, when we consider this comment in conjunction with the inadmissible evidence of the unrelated drug transaction and the extremely harsh verdict against a first time offender, we find the jury was induced by improper passion and prejudice in their recommendation for punishment. We have reviewed other comments which the appellant raises for the first time on appeal for fundamental error and find none.

▮ The Information filed in this case has a notation in the lower left-hand corner stating the range of punishment as "from two (2) to ten (10) years and a fine up to $5,000". This notation is incorrect for the punishment is two (2) to (20) years imprisonment and a fine up to $10,000. The appellant did not demurrer to the Information. Appellant argues the error regarding punishment in the Information is controlling and the trial court erred by instructing the jury on the statutory punishment which was greater than that noted on the Information.

The appellant points us to no authority which provides the trial court is limited by a clerical error on the Information regarding the range of punishment. Indeed, the range of punishment was apparently a notation for the benefit of the District Attorney, for it is not a material element of the Information. *See* 22 O.S.1981, § 401, *et seq.* The Information properly alleged facts to constitute the crime, and was correct in all other regards. This error, which does not go to the trial court's subject matter jurisdiction should have been raised by demurrer prior to entering a plea and is waived by failure to raise it.

*See Owens v. State*, 762 P.2d 962 (Okl.Cr. 1988); *Davis v. State*, 647 P.2d 450 (Okl.Cr. 1982).

The appellant received the maximum sentence allowable. He argues this sentence is excessive for he only delivered a small amount of marijuana to friends. The legislature has made no distinctions for delivery of marijuana to friends and delivery of marijuana to strangers. However, we have determined the sentence was driven by passion and prejudice induced by inadmissible evidence and prosecutorial misconduct. Therefore, even though the sentence is within statutory bounds, we will modify it. *See Mornes v. State*, 755 P.2d 91 (Okl.Cr.1988); *Camp v. State*, 664 P.2d 1052 (Okl.Cr.1983). Judgment is **AFFIRMED** and we **MODIFY** the sentence to fifteen (15) years imprisonment and a Five Thousand Dollar ($5,000.00) fine.

LUMPKIN, P.J., concurs in result.

JOHNSON, V.P.J., concurs.

LUMPKIN, Vice Presiding Judge, concurring in results.

I concur in the results reached by the Court. However, while I agree with the major portions of the Court's discussion of the application of res gestae evidence, I find the analysis does not focus on the determining factor of whether it is a res gestae issue or not.

As we have reaffirmed, the test for the admissibility of other crimes evidence is set forth in *Bruner v. State*, 612 P.2d 1375, 1377 (Okl.Cr.1980). The opinion fails to recognize that the application of the res gestae exception to the admissibility of other crimes evidence is directed to the conduct of the defendant being tried. The prior or subsequent actions of the defendant must relate to the "entire transaction" of the offense(s) which are the subject of the present prosecution. In this case, the other attempted drug purchases were not connected to the Appellant by any evidence. Since the Appellant was not involved with those transactions, the res gestae exception does not apply and res gestae should not even be mentioned as a matter

of consideration regarding the admissibility of that evidence.

The only consideration, in evaluating the admissibility of the other attempted drug transactions in this case, must be directed to determining if the evidence is relevant under 12 O.S.1981, § 2401. If the evidence is determined to be relevant, the trial court must then make the analysis under 12 O.S.1981, § 2403, as to whether the "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, needless presentation of cumulative evidence, or unfair and harmful surprise".

I agree with the Court that evidence the undercover informants were searched prior to making the buy from Appellant was relevant, however, the other attempts to purchase drugs that night was not. Therefore, it was error to admit the evidence of the unrelated attempted drug purchases and it appears that the perception of the jury as to the dangers of widespread drug trafficking prejudiced the Appellant as it relates to the recommended sentence. The modification of sentence as determined by the Court cures this error.