Anthony Neil COOPER, aka Anthony O'Neil Cooper, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–95–0631.

Court of Criminal Appeals of Oklahoma.

Aug. 19, 1996.

Jim Brandon, Tulsa, for Appellant at trial.

Keith McArtor, Assistant District Attorney, Tulsa, for State at trial.

S. Gail Gunning, Appellate Defense Counsel, Norman, for Appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Alecia A. George, Assistant Attorney General, Oklahoma City, for Appellee on appeal.

Vicki Sousa, Assistant Public Defender, Tulsa, for Child Victim at trial.

## SUMMARY OPINION

STRUBHAR, Judge:

Appellant, Anthony Neil Cooper a/k/a Anthony O'Neil Cooper, was convicted of one count of Sexually Abusing a Minor Child (21 O.S.1991, § 843), after a jury trial in the District Court of Tulsa County, Case No. CF–94–2219, the Honorable E.R. Ned Turnbull, District Judge, presiding. The jury recommended fifty (50) years imprisonment and the trial court sentenced Appellant accordingly.

Appellant raises the following propositions of error in support of his appeal:

I. Appellant was denied a fair trial by the court's refusal to allow presentation of the defense theory, which necessarily included evidence of the bias and motives that negatively affected the credibility of witnesses endorsed by the State;

II. Appellant was prejudiced by the improper cross-examination and argument of the prosecutor and by the court's failure to control the proceedings to provide a fair trial for Appellant;

III. Appellant was denied a fair trial by the appointed child advocate's participation beyond the degree appropriate for adequately representing the child.

After thorough consideration of these propositions and the entire record before us on appeal, including the original record, transcripts, and briefs, we **REVERSE** and **REMAND** for a **NEW TRIAL**.

We find merit in Appellant's third proposition of error wherein he complains that counsel appointed to represent the alleged child victim exceeded her statutory authority and

participated in Appellant's criminal trial to his detriment. In *Conner v. State*, 839 P.2d 1378, 1380 (Okl.Cr.App.1992), this Court found that it was reversible error to appoint a special counsel for the alleged child victim in a lewd molestation case. The *Conner* Court based its decision on the fact that there was no statutory authority to appoint counsel for alleged victims in lewd molestation cases. *Id.* The Court concluded the error was not harmless because the special counsel actively participated in the proceedings and placed the defendant in a "two against one" situation. *Id.* Shortly thereafter, this Court found such error harmless when there was some statutory authority to appoint a child advocate and the child advocate's participation was minimal. *Gregg v. State*, 844 P.2d 867, 881–82 (Okl.Cr.App.1993) (Order Denying Rehearing).

We recognize here that not only is there statutory authority for the appointment of counsel in cases prosecuted pursuant to 21 O.S.1991 § 843, but that the appointment of such a child advocate is mandatory. *See* 21 O.S.Supp.1992, § 846(G)(1). However, section 846(G)(1) places limits on the role the child advocate can play in the criminal trial of the accused. Section 846(G)(1) charges the appointed child advocate to represent the child's best interests and to:

> make such further investigation that he deems necessary to ascertain the facts, to interview witnesses, examine and cross-examine witnesses at the preliminary hearing and trial, make recommendations to the court and participate further in the proceedings to the degree appropriate for adequately representing the child. (emphasis added.)

We interpret section 846(G)(1) to mean that an advocate for the child victim may only participate in the criminal trial when such participation promotes the best interests of the child. To comply with due process, the child advocate may not, however, take on an adversarial role against the accused despite the fact that convicting the accused may be in the child's best interests. Even though section 846(G)(1) allows the child advocate to examine and cross-examine the witnesses at the criminal trial of the accused and otherwise participate in the proceedings, we believe it will be in the minority of cases, rather than the majority, that the child advocate will readily participate. It is difficult to conceive of many instances when the child advocate can participate in the examination of the witnesses and other parts of the trial without becoming a second advocate against the accused.

 In the instant case, the appointed child advocate did much more than investigate, examine, cross-examine and make recommendations to the court in the interests of the child. She participated in all pre-trial hearings and motions, voir dired the jury, interposed objections, examined witnesses, bolstered the child's credibility, rehabilitated witnesses after they had been impeached, corroborated the child's story and impeached the defendant.

This resulted in Appellant being "double teamed" and put into the same "two against one" situation we found to constitute reversible error in *Conner*. This is not to say that under different circumstances participation of a child advocate would be appropriate, but we must warn the trial bench to weigh the interests of the child needing representation against the defendant's right to a fair trial and to carefully scrutinize the participation of child advocates in criminal trials. We further caution against allowing the child advocate to participate in those phases of the trial other than those specified in section 846(G)(1) and for purposes other than protecting and representing the child victim. To allow participation in any other capacity than that specified in the statute puts appointed counsel in the role of "special prosecutor", which is specifically prohibited by Oklahoma law. *See Driskell v. State*, 659 P.2d 343 (Okl.Cr.App.1983); *Driskell v. Goerke*, 562 P.2d 157 (Okl.Cr.App.1977).

## DECISION

The Judgment of the trial court is **REVERSED** and **REMANDED** for a **NEW TRIAL**.

JOHNSON, P.J., CHAPEL, V.P.J., and LUMPKIN and LANE, JJ., concur.